IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RHONDA A. MULLIGAN,

    Plaintiff,

v.

COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION,

    Defendant.

Civil Case No. 3:11-CV-01113-JE

ORDER AWARDING
ATTORNEY FEES PURSUANT TO
42 U.S.C. SECTION 406(b)

    Plaintiff Rhonda A. Mulligan brought this action seeking review of the Commissioner's decision to deny her application for disability insurance benefits. This Court reversed the Commissioner's decision and remanded the case for an award of benefits.

    Following Plaintiff's unopposed application for Attorney Fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. Section 2412, this Court entered an order awarding plaintiff $8,500.00 in fees in this matter.

    Plaintiff's attorney, Phyllis Burke, now seeks an award of fees pursuant to 42 U.S.C. Section 406(b) in the amount of $45,137.45. Defendant has no objection to the request. For the reasons that follow, plaintiff's motion is granted.

STANDARD

    After entering a judgment in favor of a Social Security claimant who was represented by counsel, a court "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of twenty-five percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42

1 - ORDER

U.S.C. Section 406(b)(1)(A). An award of fees under Section 406(b) is paid from claimant's past due benefits, and an attorney receiving such an award may not seek any other compensation from the claimant. Gisbrecht v. Barnhart, 535 U.S. 789, 796-807 (2002). Accordingly, when a court approves both an EAJA fee and a 406(b) fee payment, the claimant's attorney must refund to the claimant the amount of the smaller of the two payments. Id.

Under Gisbrecht, the court must first examine the contingency fee agreement to determine whether it is within the statutory 25 percent cap. Id. at 800. The court also must "'review for reasonableness fees yielded by [contingency fee] agreements.'" Crawford v. Astrue, 586 F. 3d 1142, 1152 (9th Cir. 2009) (en banc) (quoting Gisbrecht, 535 U.S. at 808)). As set forth in Crawford, the court must apply the following factors: (1) the character of the representation, (2) the results achieved, (3) any delay attributable to the attorney requesting the fee, (4) whether the benefits of the representation were out of proportion with the time spent on the case, and (5) the risk assumed by counsel in accepting the case. Id. at 1151-52.

DISCUSSION

Here, the terms of the contingent-fee agreement between Plaintiff and Attorney Burke are within the statutory limits of section 406(b). The $45,137.45 in attorney fees Burke seeks amounts to 25 percent of the retroactive benefits awarded to Plaintiff. See Memorandum in Support (#36), Ex. 3.

I have reviewed the record in the case, the motion, and the supporting materials including the award of benefits, the fee agreement with counsel, and the recitation of counsel's hours and services. Applying the standards set by Crawford, I find the

2 - ORDER

requested fees reasonable. There is no indication that Attorney Burke was either ineffective or dilatory, and she achieved a favorable result for plaintiff. Furthermore, the amount of fees requested is not out of proportion to the work performed by Burke, and the benefits are not so large in comparison to the amount of time counsel spent that a reduction of the fees requested is justified.

In short, after applying the Gisbrecht factors, as interpreted by Crawford, I find that plaintiff's counsel has demonstrated that a 25 percent fee is reasonable for this case.

As an EAJA fee of $8,500.00 has previously been awarded and paid in this case, that amount shall be subtracted from the $45,137.45 fee awarded pursuant to Section 406(b). Therefore, the Commissioner is directed to send plaintiff's attorney $36,637.75, less any applicable processing fees allowed by statute.

## CONCLUSION

For these reasons, Plaintiff's Motion for Attorney Fees (#35) pursuant to 42 U.S.C. Section 406(b) in the amount of $45,137.45 is GRANTED.

IT IS SO ORDERED.

DATED this ____ day of _____, 2013.

_____
U.S. District Court Judge/Magistrate

3  -  ORDER